IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAY WILSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3323 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate, filed this *pro se* section 2254 petition challenging his 2009 conviction for intoxication manslaughter. Respondent filed the pending motion for summary judgment on February 13, 2013, raising expiration of limitations, and served petitioner a copy of the motion on that same date at petitioner's address of record. (Docket Entry No. 7.) Despite expiration of a reasonable period of time in excess of 45 days, petitioner has failed to respond to the motion for summary judgment, and the motion is unopposed.

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case as barred by limitations.

*Background and Claims*

Petitioner was convicted of intoxication manslaughter and sentenced to fifteen years' imprisonment on August 18, 2009. The conviction was affirmed on direct appeal on January 11, 2011, and no petition for discretionary review was filed. *Wilson v. State*, No. 14-09-

00731-CR (Tex. App. – Houston [14th Dist.] 2011, no pet.).  Petitioner's application for state

habeas relief, filed on September 14, 2011, was denied by the Texas Court of Criminal

Appeals on May 16, 2012.  Petitioner filed the instant federal habeas petition on November

7, 2012, raising claims for ineffective assistance of trial and appellate counsel.

Respondent argues that petitioner's federal habeas petition was filed untimely and

should be dismissed as barred by limitations.  Petitioner does not oppose the motion.

*Analysis*

As petitioner was convicted after April 24, 1996, this pending petition is governed by

provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under

AEDPA, federal habeas petitions are subject to a one-year limitation found in 28 U.S.C. §

2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Petitioner was convicted on August 18, 2009, and the conviction was affirmed on January 11, 2011.   No petition for discretionary review was filed.   Thus, petitioner's conviction became final for purposes of AEDPA thirty days later, on February 10, 2011, and the one-year limitation expired on February 10, 2012.  *See Flanagan v. State*, 154 F.3d 196, 202 (5th Cir. 1998).  Thus, absent tolling of the limitations period, the instant petition, filed on November 7, 2012 is untimely.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period.  *Artuz v. Bennett*, 531 U.S. 4 (2000).  Petitioner filed his application for state habeas relief on September 14, 2011, and it was denied by the Texas Court of Criminal Appeals on May 16, 2012. Consequently, the application remained pending for 246 days, extending the deadline for the filing of the instant federal habeas petition to October 15, 2012.  Because the instant petition was not filed until November 7, 2012, it is untimely.

Petitioner does not allege that any unconstitutional State action impeded his filing of

the habeas petition, 28 U.S.C. § 2244(d)(1)(B), nor do his claims involve a constitutional

right recognized by the Supreme Court in the last year and made retroactive to cases on

collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have

discovered the factual predicate of his claims until a date subsequent to the final conviction

date.   28 U.S.C. § 2244(d)(1)(D).    Because petitioner has not opposed the motion for

summary judgment, he has raised no arguments and presented no summary judgment

evidence establishing entitlement to equitable tolling.  Accordingly, there is no statutory or

equitable basis to save petitioner's untimely federal petition, and it is barred by limitations.

Respondent is entitled to summary judgment dismissing this case as time barred.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 7) is GRANTED and

this case is DISMISSED WITH PREJUDICE as barred by limitations.  A certificate of

appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on April 8, 2013.

_____
Gray H. Miller
United States District Judge

4